

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00716-CR

Jose Maria **CAVAZOS**, III,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR5796
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Irene Rios, Justice
Lori Massey Brissette, Justice
Adrian A. Spears II, Justice

Delivered and Filed: December 23, 2025

AFFIRMED

Jose Maria Cavazos pled no contest/nolo contendere to the offense of aggravated sexual assault of a child and pursuant to the plea agreement was sentenced to fifteen years in prison. Cavazos subsequently filed a motion for post-conviction forensic DNA testing, which the trial court granted, allowing certain evidence to be tested. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01, 64.03(a). After obtaining the results of the forensic DNA testing, the trial court conducted a hearing to determine whether, had the results been available during the trial of the offense, it is reasonably

probable that Cavazos would not have been convicted. *See id.* art 64.04. Following the hearing and additional briefing by the parties, the trial court, in its "Chapter 64 Order on Post Conviction DNA Testing Trial Court's Findings of Fact and Conclusions of Law," concluded that "had these DNA results been available at the time [Cavazos] entered into his plea agreement, it is not reasonably probable that [Cavazos] would not have been convicted." *See id.* Cavazos appeals the trial court's order on the post-conviction DNA testing. *See id.* art. 64.05.

Cavazos's court-appointed appellate counsel has filed a brief and motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). With citations to the record and legal authority, counsel's brief explains why no arguable points of error exist for review and concludes that this appeal is frivolous and without merit. *See id*. at 744–45; *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978).

The brief meets the requirements of *Anders* as it presents a professional evaluation showing why there is no basis to advance an appeal. *See Anders*, 386 U.S. at 744–45; *High*, 573 S.W.2d at 812–13. In compliance with the requirements of *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014), counsel has certified that he served copies of the brief and motion to withdraw on Cavazos, has informed Cavazos of his right to review the record and file a pro se brief, and has explained to Cavazos the procedure for obtaining the record. This court then set a deadline for Cavazos to request a copy of the record and file a pro se brief. Cavazos neither requested a copy of the record nor filed a pro se brief.

We have thoroughly reviewed the record and counsel's brief. We find no arguable grounds for appeal exist and agree with counsel that this appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). The trial court's "Chapter 64 Order on Post Conviction DNA Testing Trial Court's Findings of Fact and Conclusions of Law" is affirmed.

Furthermore, we grant the motion to withdraw. *See Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

No substitute counsel will be appointed. Should Cavazos wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or from "the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals." *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id*. R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id*. R. 68.4.

Irene Rios, Justice

DO NOT PUBLISH